## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS SMITH, individually and on behalf of all others similarly situated,** §§§§§§§§§§§§ | |
| *Plaintiff*, | |
| v. | |
| **MCDERMOTT, INC.; and CHICAGO BRIDGE & IRON, LLC,** | **CIVIL ACTION NO.** |
| *Defendants*. | |

## ORIGINAL COMPLAINT

Plaintiff LOUIS SMITH ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this action for damages and other legal and equitable relief from MCDERMOTT, INC. ("McDermott") and CHICAGO BRIDGE & IRON, LLC ("CB&I") (collectively "Defendants") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq*. ("§ 1981"), the Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq*. ("LEDL"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      This is an action brought by Mr. Smith seeking damages from Defendants for acts of discrimination, hostile work environment, and retaliation based on race, color and his protected activity.  Mr. Smith also brings this action on behalf of himself, and those similarly situated, as Defendant's layoff and rehire policy had a disparate impact on Black employees.

2.      Defendants are one of the world's largest engineering, procurement, construction, and installation companies. Defendants own and operate a facility located in Walker, Louisiana.

3.    Plaintiff Smith is a former employee of Defendants that worked from in or around April 2015 until his termination on May 22, 2016 at the facility in Walker, Louisiana.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) 42 U.S.C. §§ 1981 *et seq*., as amended and 42 U.S.C. §§ 1981a *et seq*., as amended. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction upon this Court for all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

6.    Plaintiff Smith is a person who has been aggrieved by Defendants' actions. He is and has been, at all relevant times, an African-American male citizen of the United States of America and is a resident of the State of Louisiana.

7.    Defendant CB&I was a publicly traded corporation with headquarters in The Hague, Netherlands and The Woodlands, Texas. Upon information and belief, as of May 2018, Defendant CB&I was acquired by Defendant McDermott.

ORIGINAL COMPLAINT

8. Defendant CB&I conducted business in Louisiana and at the time of its sale employed more than 40,000 employees.

9. Defendant McDermott is a publicly traded corporation that is incorporated in Panama and headquartered in Houston, Texas.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

10. Mr. Smith timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 5, 2017.

11. Mr. Smith received his Notice of Right to Sue letter from the EEOC on June 18, 2019, less than 90 days prior to the filing of this Complaint.

## STATEMENT OF FACTS

12. Mr. Smith is a Black male who was employed at the CB&I facility in Walker, Louisiana in or around April 2015 until his termination on May 22, 2016. Throughout his time at CB&I, Mr. Smith was subjected to discrimination, harassment, and retaliation on the basis of his race, color and protected activity.

13. Mr. Smith was regularly subjected to demeaning racist comments and actions from supervisors and co-workers. For example, Mr. Smith observed racist statements on the bathroom stall, including, "It don't matter who is prez… as long as the nigger is gone!" Mr. Smith immediately reported this to his white supervisor, but no action was taken by Defendant CB&I.

14. Additionally, throughout his employment, Mr. Smith witnessed Confederate flags affixed to numerous vehicles belonging to supervisors and co-workers. Despite complaints from Mr. Smith and other Black employees, much of the racial graffiti and symbols remained for months, creating a hostile work environment for Mr. Smith and his Black co-workers.

**ORIGINAL COMPLAINT**

15.     Mr. Smith and other Black employees have also been subjected to disparate treatment through exclusion from promotion opportunities.

16.     Mr. Smith was hired as a tack welder but was assured by Defendant CB&I that he would receive a pipe fitter position as soon as one became available.

17.     Yet, he witnessed approximately four (4) White employees be hired into CB&I as pipefitters before he was given a pipe fitter position in November 2015.

18.     During his employment, there were approximately fifteen (15) to twenty (20) pipefitters; approximately three (3) were Black employees.

19.     Mr. Smith witnessed Defendants continuously hire White employees for pipe fitter positions or promote White tack welders to pipe fitters, often without requiring them to take or pass the necessary certification tests.

20.     For example, Travis Gary, a White employee, was hired as a tack welder without ever taking the exam.

21.     Larry Pardue, a White employee, was hired as a pipefitter without taking the pipefitters' exam.

22.     Another White employee, Frank Williams, failed the tack welder exam, yet he still received tack welder pay and was allowed to practice on the clock.

23.     However, when Graylin Robertson, a Black employee, failed his tack welder exam, he was immediately demoted.

24.     Justin May, a White tack welder, was promoted to a pipe fitter position within thirty (30) days of being hired, even though he had less experience and seniority than Mr. Smith.

25.     Furthermore, throughout his employment, Mr. Smith was repeatedly harassed by White supervisors. This harassment resulted in meritless and unwarranted "write-ups." These

**ORIGINAL COMPLAINT**

disciplinary actions were often taken against Black employees for arriving less than five (5) minutes late to their shifts. Conversely, when Mr. Smith's White co-workers would arrive hours late or fail to show up entirely and were not written-up or disciplined.

26.     On May 22, 2016, Mr. Smith was informed that he was being laid off by Defendant CB&I due to an alleged "work shortage." Approximately one hundred (100) employees were laid off, yet a disproportional number of Black employees were impacted; approximately 60 percent of the laid off employees were Black.

27.     In the ensuing months, CB&I began rehiring laid off employees. However, the vast majority of those re-hired were White even though the bulk of those laid off were Black. Upon information and belief, White candidates were not required to re-apply in order to obtain employment.  However, Mr. Smith re-applied to CB&I on July 16, 2016, and September 11, 2016, but was not rehired.

28.     Mr. Smith, and those similarly situated, had the qualifications for the open positions offered by Defendants but were not rehired, while White employees with similar or lesser qualifications were hired.

29.     Upon information and belief, this type of disproportionate layoff and re-hiring was a practice of Defendants for some time, as was the permissible hostile work environment and barriers to advancement for Black employees.

## <u>RULE 23 CLASS ACTION ALLEGATIONS</u>

30.     Plaintiff seeks to maintain this action as a class action pursuant to FED. R. CIV. P. 23(b)(3), on behalf of Black employees who were subjected to Defendant's discriminatory layoff and rehire policies in violation of Title VII.

**ORIGINAL COMPLAINT**

31.     The Class which Plaintiff seeks to define includes:

>   All Black employees employed by Defendants during the
>   relevant time period who (a) lost their jobs as a result of
>   Defendants' layoffs and/or (b) were not rehired by
>   Defendants in a similar fashion to White employees included
>   in layoffs.

32.     The number of FED. R. CIV. P. 23(b) class members who have suffered under Defendant's violation of Title VII, as set forth herein, are too numerous to join in a single action, necessitating class recognition.

33.     All questions relating to the FED. R. CIV. P. 23(b) Class's allegations share a common factual basis with those raised by Plaintiff, including being subjected to layoff and rehire processes that disproportionately affected Black employees. This claim is not specific to Plaintiff or any proposed FED. R. CIV. P. 23(b) Class member.

34.     Plaintiff will fairly and adequately represent the interests of all members of the proposed FED. R. CIV. P. 23(b) Class.

35.     A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the FED. R. CIV. P. 23(b) Class's allegations that Defendants violated Title VII by subjecting them to a layoff policy that had a disparate impact on Black employees.

36.     The class members of the proposed FED. R. CIV. P. 23(b) Class are readily discernable and ascertainable. Contact information for all members of the proposed FED. R. CIV. P. 23(b) Class is readily available from Defendants since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

**ORIGINAL COMPLAINT**

37.     Plaintiff asserts this claim on his own behalf as well as on behalf of the FED. R. CIV. P. 23(b) Class through their attorneys who are experienced in class action litigation as well as employment litigation.

38.     Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed FED. R. CIV. P. 23(b) Class and has no interests conflicting with those of the FED. R. CIV. P. 23(b) Class.

39.     The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FED. R. CIV. P. 23(b) Class members creates a risk of varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

40.     The questions of law and fact that are nearly identical for all class members make proceeding as a class action ideal. Without judicial resolution of the claim asserted on behalf of the proposed FED. R. CIV. P. 23(b) Class, continued violations of Title VII may continue.

41.     Whether Plaintiff and the FED. R. CIV. P. 23(b) Class were subjected to layoff and rehire policies and process that had a disparate impact on Black employees is a common question, which can readily be resolved through the class action procedure.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.
### (Disparate Treatment: Made by Plaintiff, on behalf of himself, and those similarly situated)

42. Plaintiff Smith and the FED. R. CIV. P. 23(b) Class are a members of a protected class and repeat and re-allege the allegations in the preceding paragraphs, as if fully set forth herein.

ORIGINAL COMPLAINT

43. The conduct alleged herein violates Title VII and 42 U.S.C. § 2000e *et. seq*. as Defendants have engaged in the practice of discrimination with respect to the terms and conditions of employment.

44. Defendants have intentionally discriminated against the Class and its members as the Defendants maintained a layoff and rehire process that discriminated against Black employees by subjecting them to layoffs at a higher rate while rehiring them at a lower rate than non-Black employees.

45. Plaintiff and the FED. R. CIV. P. 23(b) Class' requests for relief are set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.
(Disparate Impact, Made by Plaintiff, on behalf of himself, and those similarly situated)**

46. Plaintiff Smith and the FED. R. CIV. P. 23(b) Class are a members of a protected class and repeat and re-allege the allegations in the preceding paragraphs, as if fully set forth herein.

47. The conduct alleged herein violates Title VII and 42 U.S.C. § 2000e *et. seq*. as Defendants' layoff and rehire policies and processes had a disparate impact on Black employees.

48. Plaintiff and the FED. R. CIV. P. 23(b) Class' requests for relief are set forth below.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.
(Hostile Work Environment)**

49. Plaintiff Smith is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

50. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., as Defendants have engaged in racial harassment and has created, maintained, and condoned a hostile work environment towards Mr. Smith.

ORIGINAL COMPLAINT

51. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.
### (Retaliation)

52. Plaintiff Smith is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

53. Mr. Smith lodged complaints with his supervisor about racial discrimination and hostile work environment with his supervisor and Defendants, and as such engaged in protected activity under Title VII.

54. Defendants have engaged in retaliation by, among other things, refusing to promote Mr. Smith and terminating his employment in response to his complaints about discrimination.

55. Defendants further discriminated and retaliated against Mr. Smith by refusing to rehire him.

56. The conduct alleged herein violates Title VII and 42 U.S.C. § 2000e *et. seq*. as Defendants have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

57. Plaintiff's requests for relief are set forth below

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*
### (Disparate Treatment: Made by Plaintiff, on behalf of himself, and those similarly situated)

58. Plaintiff Smith and the FED. R. CIV. P. 23(b) Class are a members of a protected class and repeat and re-allege the allegations in the preceding paragraphs, as if fully set forth herein.

59. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et. seq*. as Defendants have engaged in the practice of discrimination on the basis of race and/or color with respect to the terms and conditions of employment.

**ORIGINAL COMPLAINT**

60. Defendants have intentionally discriminated against the Class and its members as the Defendants maintained a layoff and rehire process that discriminated against Black employees by subjecting them to layoffs at a higher rate while rehiring them at a lower rate than non-Black employees.

61. Plaintiff and the FED. R. CIV. P. 23(b) Class' requests for relief are set forth below.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*
### (Hostile Work Environment)

62. Plaintiff Smith is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

63. Mr. Smith was subjected to discrimination on the basis of race and/or color by Defendants.

64. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et. seq.* as Defendants have engaged in racial harassment and have created, maintained, and condoned a hostile work environment towards Mr. Smith.

65. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*
### (Retaliation)

66. Plaintiff Smith is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

67. Mr. Smith was subjected to discrimination on the basis of race and/or color by Defendants.

68. Defendants have engaged in retaliation by, among other things, refusing to promote Mr. Smith and terminating his employment in response to his complaints about discrimination.

69. Defendants further discriminate and retaliate against Mr. Smith by refusing to rehire him.

**ORIGINAL COMPLAINT**

70. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et. seq.* as Defendants have engaged in retaliation by, among other things, refusing to promote Mr. Smith and terminating his employment in response to his complaints about discrimination.

71. Plaintiff's requests for relief are set forth below.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF
### Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*
### (Disparate Treatment: Made by Plaintiff, on behalf of himself, and those similarly situated)

72. Plaintiff Smith and the FED. R. CIV. P. 23(b) Class are a members of a protected class and repeat and re-allege the allegations in the preceding paragraphs, as if fully set forth herein.

73. The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* as Defendants have engaged in the practice of discrimination on the basis of race and/or color with respect to the terms and conditions of employment.

74. Defendants have intentionally discriminated against the Class and its members as the Defendants maintained a layoff and rehire process that discriminated against Black employees by subjecting them to layoffs at a higher rate while rehiring them at a lower rate than non-Black employees.

75. Plaintiff and the FED. R. CIV. P. 23(b) Class' requests for relief are set forth below.

### AS AND FOR A NINTH CAUSE OF ACTION FOR A VIOLATION OF
### Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*
### (Disparate Impact: Made by Plaintiff, on behalf of himself, and those similarly situated)

76. Plaintiff Smith and the FED. R. CIV. P. 23(b) Class are a members of a protected class and repeat and re-allege the allegations in the preceding paragraphs, as if fully set forth herein.

**ORIGINAL COMPLAINT**

77. The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* as Defendants' layoff and rehire policies and processes had a disparate impact on Black employees.

78. Plaintiff and the FED. R. CIV. P. 23(b) Class' requests for relief are set forth below.

### AS AND FOR A TENTH CAUSE OF ACTION FOR A VIOLATION OF
### Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*
### (Hostile Work Environment)

79. Plaintiff Smith is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

80. Mr. Smith was subjected to discrimination on the basis of race and/or color by Defendants.

81. The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* as Defendants have engaged in racial harassment and have created, maintained, and condoned a hostile work environment towards Mr. Smith.

82. Plaintiff's requests for relief are set forth below.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR A VIOLATION OF
### Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*
### (Retaliation)

83. Plaintiff Smith is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

84. Mr. Smith was subjected to discrimination on the basis of race and/or color by Defendants.

85. Defendants have engaged in retaliation by, among other things, refusing to promote Mr. Smith and terminating his employment in response to his complaints about discrimination.

86. Defendants further discriminate and retaliate against Mr. Smith by refusing to rehire him.

87. The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* as Defendants have engaged in retaliation by, among other things, refusing to

**ORIGINAL COMPLAINT**

promote Mr. Smith and terminating his employment in response to his complaints about discrimination.

88. Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all FED. R. CIV. P. 23(b) Class Plaintiffs, prays for the following relief:

A.  That the practices of the Defendants complained of herein be determined and adjudged to be in violation of the rights of the Plaintiff under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq.*; and Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*, prohibiting discrimination, harassment, and retaliation in employment;

B.  Designation of Plaintiff as representative of the FED. R. CIV. P. 23(b) Class defined herein, and Plaintiff's counsel as Class Counsel;

C.  That judgment be entered in favor of Plaintiff against Defendants for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiff;

D.  That the Plaintiff be awarded compensatory damages where available;

E.  That the Plaintiff be awarded punitive damages;

F.  That the Plaintiff be awarded pre and post judgment interest;

G.  That the Court award Plaintiff attorneys' fees and costs associated with this matter, including but not limited to expert fees' and costs; and

**ORIGINAL COMPLAINT**

H.  That the Court retain jurisdiction over Defendants until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law.

Plaintiff also seeks injunctive relief, including but not limited to:

I.  Training on the subject of employment discrimination for all of Defendants' employees;

J.  Diversity training for all managers conducted by reputable outside vendors;

K.  Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

L.  Active monitoring of the work areas to ensure compliance with discrimination policies;

M.  All promotional opportunities posted on all employee bulletin boards; and

N.  Monitoring by the Court of a Federal Agency to ensure that Defendants comply with all injunctive relief; and

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Respectfully submitted,

*/s/ Philip Bohrer*
Philip Bohrer
Louisiana State Bar No. 14089
phil@bohrerbrady.com
**Bohrer Brady LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, LA  70809
Telephone:  (225) 925-5297

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Esha Rajendran

**ORIGINAL COMPLAINT**

14

Texas State Bar No. 24105968
erajendran@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy, Suite 190
Austin, Texas 78731
Telephone:  (737) 808-2260
Facsimile:  (737) 808-2262

James A. Vagnini
*pro hac vice admission pending*
N.Y. State Bar No. 2958130
jvagnini@vkvlawyers.com
Monica Hincken
N.Y. State Bar No. 5351804
mhincken@vkvlawyers.com
*pro hac vice admission pending*
**VALLI KANE & VAGNINI LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

**ATTORNEYS FOR PLAINTIFFS**

**ORIGINAL COMPLAINT**